IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

STEPHEN BROWN,

        Plaintiff,

                                  Case No.: 5:09-cv-00572-OC-10-GRJ

v.

FLORIDA FISH and WILDLIFE
CONSERVATION COMMISSION,
an agency of the State of Florida,
JEFFREY J. DAWSY, Citrus County Sheriff,
in his official capacity, and CORRECTIONS
CORPORATION OF AMERICA, a Maryland
corporation,

        Defendants.
_____/

## CASE MANAGEMENT REPORT

    1.     Meeting of Parties:    Pursuant to Local Rule 3.05(c)(2)(B) or (c)(3)(A), a conference was held on **January 29, 2010 at 10:30 a.m. at Dempsey & Associates, P.A.,** and was attended by:

| Name | Counsel for (if applicable) |
| --- | --- |
| **Christopher A. Pace, Dempsey & Associates, P.A.** | **Plaintiff** |
| **Ian D. Forsythe, Hilyard, Bogan, & Palmer, P.A.** | **Defendant Dawsy** |
| **Todd W. Vraspir, The Vraspir Law Firm, P.A.** | **Defendant FWC** |
| **Robert M. Stoler, Williams, Schifino, Mangione & Steady, P.A.** | **Defendant CCA** |

    2.     Pre-Discovery Initial Disclosures of Core Information:

        a. Fed. R. Civ. P. 26(a)(1), as amended, effective December 1, 2000, Pre-Discovery Initial Disclosures:

The parties
_____ have exchanged
_X__ will exchange by **March 5, 2010**
_____ object to the exchange of initial disclosures (If one or more parties objects to initial disclosures identify the objecting party and state the reason(s) for the objection below.

Information described in Fed. R. Civ. P. 26(a)(1).

Below is a detailed description of information disclosed, scheduled for disclosure or, if applicable, the basis for the objection to the initial disclosures.

a) the name and, if known, the address and telephone number of each individual likely to have discoverable information — along with the subjects of that information — that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;
b) a copy — or a description by category and location — of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment;
c) a computation of each category of damages claimed by the disclosing party — who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered; and
d) for inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

3. <u>Discovery Plan - Plaintiff(s)</u>: The parties jointly propose the following Plaintiff's discovery plan:

a. <u>Plaintiff's Planned Discovery:</u> A description of every discovery effort Plaintiff plans to pursue is described below. The description of each discovery effort will be listed under the appropriate heading below and will include the subject matter of the discovery and the time during which the discovery will be pursued:

(1) Requests for Admission:

**Plaintiff will comply with the Federal Rules of Civil Procedure and the Local Rules of the Middle District of Florida of the United States District Court.**

Number of Requests for Admission: Parties may seek to limit the number of Plaintiff's requests for admission in accordance with Fed.R.Civ.P. 26(b)(2). Any such request must be presented by motion. See paragraph 6 below.

(2) Written interrogatories:

**Plaintiff will comply with the Federal Rules of Civil Procedure and the Local Rules of the Middle District of Florida of the United States District Court.**

Number of Interrogatories: Local rule 3.03(a) provides "[u]nless otherwise permitted by the Court for cause shown, no party shall serve upon any other party, at one time or cumulatively, more than twenty-five 925) written interrogatories pursuant to Rule 33, Fed.R.Civ.P., including all parts and subparts.." Any request by Plaintiff to exceed this limit must be presented by motion. See paragraph 6 below.

(3) Requests for Production or Inspection:

**Plaintiff will comply with the Federal Rules of Civil Procedure and the Local Rules of the Middle District of Florida of the United States District Court.**

(4) Oral Depositions:

**Plaintiff will comply with the Federal Rules of Civil Procedure and the Local Rules of the Middle District of Florida of the United States District Court.**

Number of Depositions: Local Rule 3.02(b) provides, "[i]n accordance with Fed.R.Civ.P. 30(a)(2)(A) and 31(a)(2)(A), no more than ten depositions per side may be taken in any case unless otherwise ordered by the Court." Any request by Plaintiff to exceed this limit must be presented by motion. See paragraph 6 below.

Time Permitted for Each Deposition, in accordance with Fed.R.Civ.P. 30(d), is limited to one day of seven hours, unless extended by stipulation of the parties or order of the Court.

b.   <u>Disclosure of Expert Testimony</u>: Parties stipulate, in accordance with Fed.R.Civ.P.26(a)(2), that Plaintiff's Fed.R.Civ.P.26(a)(2) disclosure will be due as noted here: **January 21, 2011.**

c.   <u>Supplementation of Disclosures and Responses:</u> Parties agree that Plaintiff's supplementation under Fed.R.Civ.P. 26(e) will be provided at the following times:

d.   <u>Completion of Discovery:</u>  Plaintiff will commence all discovery in time for it to be completed on or before **April 1, 2011.**

4.   <u>Discovery Plan – Defendant:</u>  The parties jointly propose the following Defendant's discovery plan:

a. <u>Defendants' Planned Discovery:</u>  A description of every discovery effort Defendant plans to pursue is described below. The description of each discovery effort will be listed under the appropriate heading below and will include the subject matter of the discovery and the time during which the discovery will be pursued:

(1) <u>Requests for Admission:</u>

**Defendants will comply with the Federal Rules of Civil Procedure and the Local Rules of the Middle District of Florida of the United States District Court.**

Number of Requests for Admission: Parties may seek to limit the number of Defendant's requests for admission in accordance with Fed. R. Civ. P. 26(b)(2). Any such request must be presented by motion. See paragraph 6 below.

(2) <u>Written Interrogatories:</u>

**Defendants will comply with the Federal Rules of Civil Procedure and the Local Rules of the Middle District of Florida of the United States District Court.**

Number of Interrogatories:   Local Rule 3.03(a) provides "[u]nless otherwise permitted by the Court for cause shown, no party shall serve upon any other party, at one time or cumulatively, more than twenty-five (25) written interrogatories pursuant to rule 33, Fed.R.Civ.P., including all

parts and subparts." Any request by Defendant to exceed this limit must be presented by motion. See paragraph 6 below.

(3) <u>Requests for Production or Inspection:</u>

**Defendants will comply with the Federal Rules of Civil Procedure and the Local Rules of the Middle District of Florida of the United States District Court.**

(4) <u>Oral Depositions:</u>

**Defendants will comply with the Federal Rules of Civil Procedure and the Local Rules of the Middle District of Florida of the United States District Court.**

Number of Depositions: Local rule 3.02(b) provides, "[i]n accordance with Fed. R. Civ.P. 30(a)(2)(a) and 31 (a)(2)(A), no more than ten depositions per side may be taken in any case unless otherwise ordered by the Court." Any request by Defendant to exceed this limit must be presented by motion. See paragraph 6 below.

Time Permitted for Each Deposition, in accordance with Fed.R.Civ.P. 30(d), is limited to one day of seven hours, unless extended by stipulation of the parties or order of the Court.

b.   <u>Disclosure of Expert Testimony</u>: Parties stipulate, in accordance with Fed.R.Civ.P.26(a)(2), Defendants' Fed.R.Civ.P.26(a)(2) disclosure will be due as noted here: **February 18, 2011.**

c.   <u>Supplementation of Disclosures and Responses:</u> Parties agree that Plaintiff's supplementation under Fed.R.Civ.P. 26(e) will be provided at the following times:

Within 30 days of notice that supplementation is required.

d.   <u>Completion of Discovery</u>: Defendants will commence all discovery in time for it to be completed on or before **April 1, 2011.**

5.   <u>Joint Discovery Plan – Other Matters</u>: parties agree on the following matters relating to discovery (e.g., handling of confidential information, assertion of privileged, whether discovery should be conducted in phases or be limited to or focused upon particular issues):

5

6. <u>Disagreement or Unresolved Issues Concerning Discovery Matters:</u> Any disagreement or unresolved issue concerning discovery matters must be made the subject of a separate motion to be filed not later than eleven days after the filing of the Case Management Report. Such disagreement unresolved issue will not excuse the establishment of discovery completion dates. Pursuant to Fed.R.Civ.P. 26(a)(1), as amended December 1, 2000, any objection as to the appropriateness of required Initial Disclosures shall be recorded in the case management report.

7. <u>Third Party Claims, Joinder of Parties, Potentially Dispositive Motions:</u> Parties agree that the final date for filing motions for leave to file third party claims, motions to join parties, motions for summary judgment, and all other potentially dispositive motions should be **April 22, 2011**.

8. <u>Settlement and Alternative Dispute Resolution.</u> Parties agree that settlement is
\_\_\_\_\_ likely
\_\_\_\_\_ unlikely.

Parties agree to consent to binding arbitration pursuant to Local Rules 8.02(a)(3) and 8.05(b). \_\_\_\_\_yes \_X\_ no \_\_\_\_\_likely to agree in future

Parties agree to participate in court annexed mediation as detailed in Chapter Nine of the Court's Local rules. \_X\_yes \_\_\_\_\_no \_\_\_\_\_likely to agree in future

If yes, the order of referral described in Local Rule 9.04 should be entered by the court on or after the entry of the Courts' CMSO, designating **Peter J. Grilli, 3001 West Azeele Street, Tampa, Florida 33609; Telephone (813) 874-1002** to serve as mediator.

Parties agree to consent to trial presided over by United States Magistrate Judge.
\_\_\_\_\_yes \_X\_\_no \_\_\_\_\_likely to agree in future

Parties intend to pursue the following other methods of alternative dispute resolution:

In accordance with Local Rule 3.05(c)(2)(C)(v), parties agree that if they do not report to the Court that the case has settled on or before _____, parties will apply for an order invoking Court annexed arbitration (Chapter Eight of Local Rules) or Court annexed mediation (Chapter Nine of Local Rules) on that date.

9. <u>Preliminary Pretrial Conference:</u>

Track Three Cases: Local Rule 3.05(c)(3)(B) provides that preliminary pretrial conferences are mandatory in Track Three Cases.

Track Two Cases: Parties
_____ request (check one)
__X__ do not request

a preliminary pretrial conference before entry of a Case Management and Scheduling Order in this Track Two case. Unresolved issues to be addressed at such a conference include:

  10. <u>Final Pretrial Conference and Trial:</u> Parties agree that they will be ready for a final pretrial conference on or after **August 1, 2011**, and for trial on or after **August 22, 2011**. Trial is expected to take approximately **4** days and the trial will be
__x__ jury
_____ non-jury

  11. <u>Pretrial Disclosures and Final Pretrial Procedures:</u> Parties acknowledge that they are aware of and will comply with pretrial disclosures requirements in Fed. R. Civ.P. 26(a)(3) and final pretrial procedures requirements in Local Rule 3.06.

  12. <u>Other Matters:</u>

  N/A

Respectfully submitted this 5th day of February, 2010.

/s/ Christopher A. Pace
Bernard H. Dempsey, Jr., Esquire
Florida Bar No.:0107697
bhd@dempsey-law.com
CHRISTOPHER A. PACE
Florida Bar No. 676721
cap@dempsey-law.com
DEMPSEY & ASSOCIATES, P.A.
1560 Orange Avenue, Suite 200
Winter Park, Florida 32789
Telephone: (407) 422-5166
Facsimile: (407) 422-8556
Attorney for Plaintiff

/s/ Ian D. Forsythe
Ian D. Forsythe, Esquire
Florida Bar No.: 054925
Hilyard, Bogan, & Palmer, P.A.
P. O. Box 4973
Orlando, Florida 32802-4973
Telephone: (407) 425-4251
Facsimile: (407) 841-8431
Iforsythe@hilyardlawfirm.com
Attorneys for Defendant Dawsy

/s/ Todd W. Vraspir
Todd W. Vraspir, Esquire
Florida Bar No.: 988928
The Vraspir Law Firm, P.A.
5327 Commercial Way, Suite A101
Spring Hill, Florida 34606
Telephone: (352) 556-5270
Facsimile: (352) 556-5266
todd@vraspirlaw.com
Attorney for Defendant FWC

/s/ Robert M. Stoler
Robert M. Stoler, Esquire
Florida Bar No.: 816256
Williams, Schifino, Mangione & Steady, P.A
P.O. Box 380
Tampa, Florida 33601-0380
Telephone: (813) 221-2626
Facsimile: (813) 221-7335
rstoler@wsmslaw.com
Attorney for Defendant CCA